**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-20769-CR-UNGARO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NECKES DANBREVILLE,

    Defendant.

_____/

## **DETENTION ORDER**

On December 4, 2019, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) in the above entitled case to determine whether Defendant NECKES DANBREVILLE ("Defendant" or "Danbreville") should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that there are no conditions that can be put in place to reasonably assure the safety of the community at large. Therefore, it is hereby **ORDERED** that Defendant be detained prior to trial and until the conclusion thereof.

### *I.*    *Offenses Charged*

The Government charged Danbreville by indictment with knowing possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

### *II.*    *Weight of the Evidence*

The weight of the evidence against Defendant is sufficient to establish probable cause to support pretrial detention in this case. The Government, in support of its

request, proffered the testimony of Detective Jose De La Paz of the Miami-Dade Police Department, and established the following: on September 10, 2019, an anonymous tipster reported that an African-American male wearing a teal green t-shirt had been brandishing a firearm at a bus stop located in the vicinity of NW 79th Street and NW 19th Avenue in Miami, Florida. Law enforcement officers, responding to the tip, reported to the scene where the alleged acts had taken place. Upon arrival, officers found Mr. Danbreville seated at the bus stop in the presence of another individual. Officers ordered Defendant to the ground and, after conducting a pat-down search of his person, located a firearm in the waistband of Danbreville's pants.

Following recovery of the firearm, the officers performed a criminal background check using Defendant's name. Upon doing so, the officers learned that Defendant had previously been convicted of six (6) separate felonies and had recently been released from prison four months prior to the incident giving rise to the indictment. Officers then arrested Defendant and took him into custody.

### III. <u>**Defendant's History and Characteristics**</u>

Pretrial detention is appropriate based on the danger Defendant poses to the community. The pretrial services report reveals an extensive criminal history, including offenses related to drug possession and certain violent crimes, in addition to Defendant's seeming inability to comply with terms of probation. Given this history, combined with the nature of the offense charged and the description of the course of events giving rise to the indictment, we find that Defendant presents a

danger to the community if released on bond. *See* 18 U.S.C. § 3142(e). For this reason, Defendant should be detained prior to trial.

### *IV. Conclusion*

Pursuant to these findings, the Court hereby directs that:

a.   Defendant be detained without bond;

b.   Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c.   Defendant be afforded reasonable opportunity for private consultation with counsel; and

d.   On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

e.   During his detention, Defendant shall be administered medical treatment, including anti-seizure medication he is currently taking.

**DONE AND ORDERED** at Miami, Florida this 10th day of December, 2019.

/s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copies to:
Counsel of Record
Pretrial Services (Miami)